IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

| | | |
|---|---|---|
| MIHAELA M. CALINOIU | : | Case No. 09-11733-TPA |
| *Debtor* | : | Chapter 7 |
| | | |
| GRETA POPA, | : | Adversary No. 10-1006-TPA |
| *Plaintiff* | : | Related to Document No. 20 |
| | : | |
| v. | : | |
| | : | |
| MIHAELA M. CALINOIU | : | |
| *Defendant* | : | |

*Appearances:*  William G. McConnell, Esq., for Plaintiff
Robert J. Tesone., Esq. for Debtor/Defendant

## **MEMORANDUM OPINION**

Currently before the Court is a ***Motion for Summary Judgment*** ("Motion") filed by the Debtor/Defendant, Mihaela M. Calinoiu ("Debtor") at Document No. 20 in reference to the *Complaint Objecting to Dischargeability of Debt Pursuant to 11 U.S.C. §523* filed by Greta Popa ("Popa" or "Plaintiff").[1]  Plaintiff seeks a denial of discharge of the Debtor's obligation to her pursuant to *11 U.S.C. §523(a)(2)*.  For the reasons that follow, the Court will deny the *Motion*.

---

[1] The Court's Jurisdiction to hear and determine the *Motion for Summary Judgment on the Complaint Objecting to Dischargeability* arises under *28 U.S.C. §§1334* and *157*.  This is a core matter pursuant to *28 U.S.C. §157(b)(2)(I)*.  This Opinion constitutes the Court's findings of fact and conclusions of law pursuant to *Fed.R.Bankr.P. 7052*.

*Factual Background*

This action arises from an installment sales agreement entered into between Popa and the Debtor on June 18, 2005, under which the Debtor agreed to sell to Popa residential real property located in Sharon, Pennsylvania for a sale price of $32,000 to be paid in installments over time. In August, 2009, Popa filed a complaint against the Debtor in the Court of Common Pleas of Mercer County, Pennsylvania, in which Popa set forth a single cause of action for breach of contract and sought money damages. On September 22, 2009, the Debtor filed her voluntary Petition under Chapter 7 of the *Bankruptcy Code*.

On September 28, 2009, a *Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors & Deadlines*, Document No. 9, was issued and served by the Court on all of the Debtor's creditors, including Popa. The *Notice* set November 10, 2009, as the date for the first meeting of creditors pursuant to *11 U.S.C. §341* and January 11, 2010, as the deadline to file complaints objecting to discharge of the debtor or to determine dischargeability of certain debts. On November 22, 2009, the meeting of creditors was held and concluded.

On December 22, 2009, Popa filed her original *Complaint Objecting to Dischargeability of a Debt Pursuant to 11 U.S.C. §523* at Document No. 16, however, it was filed as a pleading in the main bankruptcy case rather than as an independent adversary action. The next day, the Bankruptcy Clerk's Office issued a corrective entry which provided that:

> "....COMPLAINTS OBJECTING TO DISCHARGEABILITY OF DEBT MUST BE FILED AS AN ADVERSARY PROCEEDING.......ATTORNEY MUST CORRECT AND REFILE AS NECESSARY.[2]

*See Corrective Entry* dated December 22, 2009, at Document No. 16.  On January 13, 2010, the present Adversary Proceeding was initiated, two days after the "bar date."  Based on this record, the Debtor seeks summary judgment asserting no genuine issue of material fact since the *Complaint* was both untimely filed and fails to state a claim upon which relief may be granted.

### *Timeliness of the Complaint filing*

*Fed.R.Bankr.P. 4004(a)* and *4007(c)* each provide that a complaint objecting to a debtor's discharge, or to the dischargeability of a particular debt under *Section 523(c),* must be filed within 60 days of the first date set for the meeting of creditors.  Both *Rules* provide that the Court may, for cause shown, extend the deadline, but only if the party seeking the extension files a motion before the time deadline expires.  Accordingly, pursuant to *Rule 4007(c)* and *Section 523(c)(1)*, which incorporates *Section 523(a)(2)(A),* it is clear that the deadline for objecting to the discharge of a debt in this case was January 11, 2010.

The deadline for objections to discharge or to the dischargeability of a debt as set forth in *Rules 4004* and *4007* is not jurisdictional in nature therefore its enforcement is subject to equitable considerations.  *See In re Forsythe*, 2005 WL 4041162 at *4 citing *Kontrick v. Ryan*, 540

---

[2] Counsel for Popa asserts that notice of the corrective entry was not received and that he first learned of the issue when he was contacted by the Bankruptcy Court Clerk's Office on January 12, 2010, and advised that the Complaint had been filed in the main case and not as an adversary proceeding.  Upon such notification, Counsel promptly filed an adversary proceeding on January 13, 2010.  Although this may present an issue of fact which would be counsel's burden to prove, the resolution of the claim is immaterial to a ruling on the present *Motion*.

U.S. 443 (2004) and *Nardei v. Maughan*, 330 F.3d 337 (6th Cir. 2004). Numerous courts have addressed the identical issue – where an objection to discharge has been timely filed in the main bankruptcy case and later refiled after the "bar date" as an adversary proceeding – and have either applied the equitable "relation back" doctrine or simply deemed the late filed complaint as timely filed. *See, e.g., In re Rutherford*, 2010 WL 1245025, ___B.R.___(Bankr. S.D. Ohio, March 31, 2010); *In re Dunaway*, 346 B.R. 449 (Bankr. N.D. Ohio 2006); *In re Caldwell*, 2007 WL 1702610 (Bankr. N.D. Ala., June 8, 2007); *In re Little*, 220 B.R. 13 (Bankr. D.N.J. 1998); *In re Sherf*, 135 B.R. 810 (Bankr. S.D Tex. 1991); and *In re Forsythe*, 2005 WL 4041162 (Bankr. S. D. Ohio, May 24, 2005).[3]

In *Rutherford*, the court allowed the reopening of a case after the debtor had received a discharge so that the Plaintiff who timely filed a Complaint objecting to discharge in the main case could re-docket the Complaint in a separate adversary proceeding. The court followed cases which have held that complaints are deemed filed even if they were improperly submitted in the main bankruptcy case rather than in a separate adversary proceeding. *Rutherford* at *5 citing *In re Citek*,

---

[3] Coincidentally, on the same date as the argument on the *Motion,* the Supreme Court of the United States decided the case of *Krupski v. Costa Crociere S. p. A.,* ___S. Ct.___, 2010 WL 2243705, No. 09-337 (June 7, 2010), a case which involved the relation back doctrine under *Fed.R.Civ.P. 15(c)(1)(C).* In this analogous situation, the Supreme Court relied upon equitable principles to allow the late filing of an amended complaint which related back to a previous, timely filed complaint. The Supreme Court held that "relation back" under *Rule 15(c)(1)(C)* depends on what the party to be added knew or should have known at the relevant time period and not the amending party's knowledge or timeliness in seeking to amend the pleadings. Similarly, upon the filing of the original, timely complaint in the main bankruptcy case, the Debtor here was on notice and knew or should have known of the issue raised by the Plaintiff regarding the dischargeability of the Debtor's obligation to the Plaintiff and therefore cannot now allege any prejudice with the initiation of the Adversary Proceeding under these facts, two days after the filing deadline.

390 B.R. 773, 777 (Bankr. N.D. N.Y. 2008); *In re Dunaway*, 346 B.R. 449, 454 (Bankr. N.D. Ohio 2006); and *In re Forsythe*, 2005 WL 4041162 at *3 (Bankr. S.D. Ohio, May 24, 2005).

In *Dunaway*, the court denied a motion to dismiss a complaint objecting to discharge as being untimely filed. The objection was timely filed in the main bankruptcy case rather than as a separate adversary proceeding, then refiled as an adversary proceeding after the deadline for the filing of an objection to discharge had passed. The court expressed great reluctance to extinguish statutorily created rights based solely upon violations of procedural protocol and found no prejudice to the defendants as the complaint, being initially filed in the main bankruptcy case, afforded them notice of the dischargeability action. *Dunaway*, 346 B.R. at 455-56.

In *Caldwell*, a complaint objecting to discharge was timely filed in the main case. The Clerk's office issued a notice of incorrect event directing plaintiff's counsel to file the complaint as a separate adversary proceeding and not in the main case. After the deadline for the filing of an objection to discharge as set forth in the notice of the bankruptcy case had expired, plaintiff's counsel complied with the corrective entry and instituted an adversary proceeding with the filing of a complaint. The defendant filed a motion to dismiss the complaint as late filed. The court held that the relation back doctrine applied to the otherwise, untimely commencement of the adversary proceeding. *In re Caldwell,* 2007 WL 1702610 (Bankr. N.D. Ala., June 8, 2007).

In *Little*, prior to the 60 day deadline for the filing of a complaint objecting to discharge, plaintiff filed a pleading entitled "Objections to Discharge." The objection was not filed as an adversary proceeding as required by *Rule 7001*. After the time for the filing of a complaint had passed, the court by letter to counsel acknowledged receipt of the "objection" and informed the

plaintiff that in order to commence a discharge proceeding a complaint must be filed within the filing period allowed for the commencement of an adversary proceeding. The plaintiff sought to amend the "objection" making it a complaint and have it relate back to the filing date of the "objection." The court held that the "objection", even though deficient in format, could be amended and that the complaint would relate back to the filing of its "objection." *In re Little*, 220 B.R. 13 (Bankr. D.N.J. 1998).

In *Sherf*, a creditor filed a timely objection to discharge in the main case more than a month before the "bar date." The clerk's office informed the creditor that it needed to file a complaint and not merely an objection. Thereafter, the creditor filed a pleading styled as a "complaint" approximately three weeks before the "bar date" in the main case and served a copy on the debtors and their attorney. After the "bar date" had passed, the clerk's office informed the creditor that the complaint was improperly filed because it was not filed as an adversary proceeding and because no fee had been paid. The court found that the original complaint put the debtors on notice that the creditor objected to discharge as well as the basis for the objection and therefore the complaint filed in the adversary proceeding would relate back to the filing date of the objection. The court treated the improperly, though timely filed "objection," entered in the main case as a motion to extend time for objecting to discharge in allowing the "objection" to be properly filed as a separate adversary proceeding. *In re Sherf*, 135 B.R. 810 (Bankr. S.D. Tex. 1991).

In *Forsythe*, the court relied on the doctrine of equitable tolling where a complaint objecting to discharge was originally filed in the main case and refiled as an adversary proceeding after the deadline for the filing of such complaints.. The court found that the plaintiff diligently

6

pursued its rights and that there was no prejudice to the debtor. *In re Forsythe*, 2005 WL 4041162 at *4 (Bankr. S.D. Ohio, May 24, 2005).

The *Caldwell* court looked to a test set forth in *In re Markus,* 268 B.R. 556 (9th Cir. BAP 2001), *rev'd on other grounds* 313 F.3d 1146, which was used to determine whether an untimely adversary proceeding related back to a timely filed contested matter. The two-part test requires that the court consider, first, if the initial document provided the debtor with fair notice of the creditor's claims and grounds and, second, to consider if the claims in the new pleading, the adversary proceeding complaint, arise from the same conduct as the claims made in the initial document. *Caldwell*, 2007 WL 1702610 (Bankr. N.D. Ala. June 8, 2007) citing *In re Markus,* supra

In the case before us, the original complaint, filed in the main case prior to the "bar date," and the present *Complaint* filed in the adversary proceeding, make identical allegations relying, prior to the "bar date," on the exact same section of the *Bankruptcy Code* for their relief. No claim is made that the Debtor received anything but fair and timely notice of the allegations upon which the dischargeability action is premised.

The Court always prefers to decide issues on the merits rather than to dismiss an action or grant summary judgment solely on procedural grounds. Here, the adversary proceeding was commenced a mere two days after the bar date. The Debtor, having been aware of the action prior to that date, cannot – and has not – shown any prejudice if the Court were to allow the *Complaint* to proceed to decision on the merits. As such, consistent with the decisions of the many courts confronting the issue, the Court will treat the *Complaint* as being timely filed.

### *Failure to State a Claim*

In the *Motion*, the Debtor also includes allegations to the effect that Popa failed to state a claim for relief since no allegations of fraud exist. While this is a matter more akin to a motion to dismiss than one for summary judgment, the Court agrees, to an extent, with the Debtor's position in this regard.

In support of the assertion that the *Complaint* fails to state a claim upon which relief can be granted, the Debtor avers that the objection to discharge merely relies on the contentions of the breach of contract action filed in Mercer County where: (1) no allegations of fraud were raised; (2) an alleged failure to perform under the parties agreement cannot be transformed into a claim for fraud; and, (3) the allegations of breach of contract, alone, do not state a claim for fraud.

Conversely, Popa relies on *Section 523(a)(2)* as the statutory authority for a finding that the Debtor's obligation to her is not dischargeable. In support, Popa directs the Court to the plain language of *Section 523(a)(2)(A),* noting that a debtor is not entitled to a discharge

> (2) for money, property, services, or an extension, renewal or refinancing of credit, to the extent obtained by–
>> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition......

*11 U.S.C. §523(a)(2)(A)*

Under Pennsylvania law, "[a] fraud consists in anything calculated to deceive, whether by single act or combination, or by suppression of truth, or a suggestion of what is false,

whether it be by direct falsehood or by innuendo, by speech or silence, word of mouth, or look or gesture." *Kempson v. American Honda Motor Co.,* 2009 WL 744115 at *5 (M.D. Pa., March 18, 2009) citing *Frowen v. Blank*, 493 Pa. 137, 143, 425 A.2d 412, 415 (Pa. 1981). A cause of action for intentional misrepresentation includes the following elements: (1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) in justifiable reliance on the misrepresentation; and (6) the resulting injury was caused by the reliance. *Kempson* citing *Gibbs v. Ernst*, 593 Pa. 193, 207-08 (1994); *Kramer v. Dunn*, 749 A.2d 984, 990 (Pa. Super. Ct. 2000) *citing Bortz v. Noon*, 556 Pa. 489, 499 (1999).

Assuming, as we must for purposes of the Debtor's *Motion*, the truth of the allegations set forth in Popa's *Complaint*, such a review discloses allegations to the effect that: (1) the parties entered into the agreement on June 18, 2005; (2) that Popa has paid $35, 279.26; (3) the Debtor mortgaged the property on June 6, 2006; (4) the Debtor accepted Popa's payments subsequent to the date of the mortgage; (5) Popa was unaware of the mortgage; (6) at the time of execution of the agreement, the Debtor did not intend to convey the property by way of a "clean deed"; and (7) the Debtor induced Popa to make payments pursuant to the Agreement under false pretense, by making false representations, and/or committing actual fraud. Possibly more implicit than express, is the assertion of Popa's justified reliance on the Debtor's conduct, although taken as of a whole, including the incorporated exhibits, it appears Popa has met her burden in regards to the alleged fraud claim. Nevertheless, many of the specifics of the transaction, vis-a-vis each of the principals, appears lacking especially as to the specific dates upon which the alleged fraud was perpetrated and the amounts of monies allegedly obtained. *Fed.R.Bankr.P. 7009,* which

incorporates by reference *Fed.R.Civ.P. 9,* requires that allegations of the circumstances constituting fraud are to be alleged with particularity. The Debtor is correct in that the Plaintiff has failed in her responsibility to so articulate the alleged fraud in this case. The Court will address this failure to sufficiently plead the necessary factual basis separate and apart from its denial of the *Motion*.

*Conclusion*

Based on the foregoing, the *Complaint* is timely filed and the allegations as set forth in the *Complaint,* if proven, are sufficient to sustain a cause of action, at least for purposes of denying the *Motion*. Therefore, the Debtor's *Motion for Summary Judgment* filed at Document No. 20 will be denied. Nevertheless, the Plaintiff will be required to amend the *Complaint* consistent with the requirements of *Fed.R.Bankr.P. 7009* and this *Memorandum Opinion*.

An appropriate Order will be entered.

Dated: June 10, 2010

_____
Thomas P. Agresti, Chief Judge
United States Bankruptcy Court

Case Administrator to serve:
  William G. McConnell, Jr., Esq.
  Robert J. Tesone, Esq.